case do not seem to have been called to the attention of the learned justice writing the opinion in the case cited.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

(34 Misc. Rep. 201.)

### JONES v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term.   February 25, 1901.)

STREET RAILROADS—INJURY TO TRAVELER'S PROPERTY—ERRONEOUS INSTRUCTIONS.

In an action for injuries to a cab by a collision with defendant's street cars, an instruction that, if the plaintiff was prudent, and the accident occurred, the accident was the fault of defendant, was erroneous, since it directed the jury to find that, if plaintiff was prudent, as a matter of law the defendant was negligent, irrespective of the defendant's conduct.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by David T. Jones against the Third Avenue Railroad Company. From a judgment in favor of the plaintiff, the defendant appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
L. A. Spalding, for respondent.

BLANCHARD, J.   This is an action brought to recover damages for injuries to a cab owned and driven by plaintiff, claimed to have been sustained by collision with one of defendant's cars, through defendant's negligence. The trial was had with the aid of a jury. At the close of the charge of the trial justice defendant requested the court to charge as follows: "That the gripman of the defendant, or motorman, was held to the exercise of ordinary care only, and, if they believe he acted with the care of an ordinarily prudent person under the circumstances, the verdict must be for the defendant." In response to this the court charged as follows: "If the plaintiff was prudent, and did all a man could do, and the accident occurred, it was the defendant's fault. If the defendant's servant was prudent, and it occurred, it was the plaintiff's fault,"—to which defendant duly excepted. The first sentence of the proposition charged is clearly an error, and affecting, as it does, the vital point at issue, must result in the reversal of the judgment. It was, in effect, a direction to the jury to find for plaintiff if they found plaintiff was prudent; that, as a matter of law, defendant was negligent, irrespective of the conduct of defendant's motorman. Other errors are assigned, which it does not become necessary to consider.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.